UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY O'NEIL HOPKINS,

        Petitioner,

                                    CASE NO. 10-CV-13203

v.                                       HONORABLE AVERN COHN

CINDI CURTAIN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

I.

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Leroy O'Neil Hopkins ("Petitioner"), was convicted of two counts of assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.84, and one count of possession of a firearm during the commission of a felony, Mich. Comp. Laws §750.227b, following a bench trial in the Wayne County Circuit Court in 2007. Petitioner was sentenced as a third habitual offender, Mich. Comp. Laws §769.11, to concurrent terms of 5 to 20 years imprisonment on the assault convictions and a consecutive term of two years imprisonment on the felony firearm conviction in 2008.

Petitioner's sole claim on habeas review is that the trial court violated his due process rights by relying upon his refusal to admit guilt in imposing his sentence. Although Respondent has not yet filed an answer, the record is fully developed as to this claim. After undertaking the review required by Rule 4, it is clear that Petitioner is

not entitled to relief on his habeas claim. As such, the petition will be denied.

II.

Promptly after the filing of a habeas corpus petition, a federal district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

III.

Petitioner's convictions arise from a shooting which occurred outside the Detroit home of his girlfriend's estranged husband on October 1, 2006. Two people were injured during the incident. Petitioner claimed that he fired his weapon in self-defense, but other witnesses testified that he initiated the shooting. The trial court convicted

2

Petitioner of two counts of assault with intent to commit bodily harm less than murder and one count of felony firearm, but acquitted him on charges of assault with intent to murder, felonious assault, and felon in possession of a firearm.[1]

Petitioner's sentencing guidelines, adjusted for his third habitual offender status, called for a minimum sentence of 34 to 100 months on his assault convictions. The trial court imposed a minimum sentence of 60 months (with a maximum sentence of 240 months) on those convictions, along with the mandatory two-year term for the felony firearm conviction. At sentencing, the trial court made the following remarks:

> I reviewed the pre-sentence report, the letter, and the other things here, and I have to tell you one thing, this is a very serious offense. And I am concerned about how much you have learned from it.
>
> You tell me in your letter you have had a lot of time to reflect in the jail. But really all you admit is that you were at the wrong place at the wrong time.
>
> The incident and your reactions to it were clearly uncalled for. I am very concerned, and you know my first reaction would be to give you the most time possible, because I am concerned about what [sic] whether you are a danger out there.
>
> However, you are 23 years old. There must be some possibility of the time that you do serve in prison to hopefully encourage you not to commit especially a violent crime again. Because the next time you commit any crime you are, I'm sure, going to get the most time possible, with your record at your young age.

*See People v. Hopkins*, No. 283610, 2009 WL 485402, *1 (Mich. Ct. App. Feb. 26, 2009); *see also* Pet. Brf., p. 7.

Following sentencing, Petitioner filed an appeal of right raising the same sentencing claim contained in the instant petition. The Michigan Court of Appeals

---

[1]The Court adopts the summary of the trial testimony contained in Petitioner's appellate brief, attached to his petition. *See* Pet. Brf., p. 4.

affirmed his sentences. *People v. Hopkins, supra*. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Hopkins*, 485 Mich. 864, 771 N.W.2d 762 (2009). Petitioner thereafter filed the instant petition asserting a violation of his due process rights at sentencing.

IV.

A.

28 U.S.C. § 2241 provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the

4

Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

B.

Petitioner's sole claim is that he is entitled to habeas relief because the trial court violated his due process rights by relying upon his refusal to admit guilt in imposing his sentence. In *Mitchell v. United States*, 526 U.S. 314, 328-29 (1999), the United States Supreme Court held that the Fifth Amendment right against self-incrimination prevents a sentencing court from drawing negative inferences from a defendant's silence in determining the facts relating to the circumstances and details of the crime. The Supreme Court expressly declined to consider the questions of whether a defendant's silence bore upon a court's determination of lack of remorse or upon a defendant's acceptance of responsibility for the purpose of a downward departure under the federal sentencing guidelines, because those issues were not before the Court. *Id.* The Court of Appeals for the Sixth Circuit has affirmed a grant of the writ to a petitioner whose sentencing judge clearly took his failure to admit guilt into consideration in imposing his sentence. *See Ketchings v. Jackson*, 365 F.3d 509, 512-14 (6th Cir. 2004).

Here, Michigan Court of Appeals acknowledged that the refusal to admit guilt is

5

an improper sentencing consideration, but denied relief on this claim. The court of appeals explained in pertinent part:

> The trial court neither asked defendant to admit guilt, nor offered to reduce defendant's minimum terms if defendant did so. The trial court referred to a letter defendant had written in which defendant did not maintain his complete innocence, but rather insisted that he acted in self-defense and that he was in the wrong place at the wrong time. The trial court stated that it was concerned that defendant had learned little from the incident. The trial court's remarks are more accurately characterized as comments on defendant's failure to show remorse for his actions. The consideration of a lack of remorse is relevant to determining a defendant's potential for rehabilitation. *People v. Dobek*, 274 Mich. App. 58, 104, 732 N.W.2d 546 (2007). Furthermore, the fact that the trial court initially considered giving defendant as much time as possible, *i.e.*, 100-month minimum terms, but then gave defendant 60-month minimum terms, indicates that the trial court did not impose more severe sentences based on a perceived refusal by defendant to admit guilt. The trial court committed no error in imposing sentence.

*Hopkins*, 2009 WL 485402 at *2.

The Court agrees with the Michigan Court of Appeals' determination. The trial court's comments, taken in context, suggest that the court was refuting Petitioner's assertions of self-defense and commenting upon his lack of remorse and potential for rehabilitation, rather than penalizing him for any refusal to admit guilt at the time of trial or sentencing. *See Paluskas v. Bock*, 410 F. Supp. 2d 602, 615 (E.D. Mich. 2006) (denying habeas relief on similar claim). Lack of remorse and potential for rehabilitation are appropriate sentencing considerations under Michigan law, *see People v. Houston*, 448 Mich. 312, 323, 532 N.W.2d 508 (1995), and are not precluded by federal law. *See In re Cook*, 551 F.3d 542, 551 (6th Cir. 2009) ("It is well established that a defendant's remorse-or lack thereof-is an appropriate consideration in meting out punishment."); *United States v. Castillo-Garcia*, 205 F.3d 887, 889 (6th

6

Cir. 2000) (lack of true remorse is a valid consideration under federal sentencing guideline providing for a downward adjustment based on acceptance of responsibility).

The record before the Court indicates that the trial court imposed a sentence well within the guideline range based upon the nature of the crime and Petitioner's habitual offender status. The Michigan Court of Appeals' decision is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. Habeas relief is not warranted.

V.

For the reasons stated above, Petitioner is not entitled to federal habeas relief on the claim contained in his petition. Accordingly, the petition is DENIED.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

7

The Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claim. A certificate of appealability is therefore DENIED. Moreover, any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, leave to proceed *in forma pauperis* on appeal is DENIED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 30, 2010

I hereby certify that a copy of the foregoing document was mailed to Leroy Hopkins 459528, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI 49660 on this date, August 30, 2010, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160